UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                          Plaintiff,

     -against-

1488 BUSHWICK, LLC, SOLOMON                     **MEMORANDUM**
STEINLAUF, the NEW YORK CITY                     **AND ORDER**
DEPARTMENT OF HOUSING                             23-CV-4030 (RPK) (TAM)
PRESERVATION AND DEVELOPMENT,
the NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD
and JOHN DOE #1 THROUGH JOHN
DOE #17,

                          Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

       Plaintiff Federal National Mortgage Association ("Plaintiff" or "Fannie Mae") commenced this action on May 31, 2023, seeking foreclosure of a multi-unit apartment property located at 1488 Bushwick Avenue, Brooklyn, New York 11207 (the "Property"). (*See generally* Compl., ECF No. 1.)

       Plaintiff now moves, pursuant to Rule 66 of the Federal Rules of Civil Procedure, to appoint Orazio Crisalli as receiver to secure and oversee the maintenance of the Property until a foreclosure sale takes place. (Pl.'s Mem. in Supp. of Mot. for the Appointment of a Receiver, ECF No. 47, at 1 (hereinafter "Pl.'s Mem.").) Defendants 1488 Bushwick, LLC (the "Borrower"), and Solomon Steinlauf (collectively,

"Defendants") oppose the motion.[1] (Aff. in Opp'n to Mot. Appoint Receiver, ECF No. 52 (hereinafter "Defs.' Aff.").) The Honorable Rachel P. Kovner referred the motion to the undersigned Magistrate Judge. For the reasons that follow, Plaintiff's motion to appoint Mr. Crisalli as receiver is granted.[2]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. Factual Background

As set forth in Plaintiff's complaint, on or about January 29, 2021, the Borrower borrowed $2,375,000 plus interest from its original lender; this transaction was memorialized in an executed Amended and Restated Multifamily Note (the "Note"). (Compl., ECF No. 1, ¶ 17.) That same day, the Borrower and the lender entered into two additional agreements: (1) the Multifamily Loan and Security Agreement (the "Loan Agreement"), which required the Borrower to make monthly loan payments to the lender on the first day of each month from March 1, 2021, through February 1, 2031 (the "Monthly Payments"), and (2) the Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing (the "Mortgage Agreement"). (*Id.* ¶¶ 18–19.) The original lender then assigned to Plaintiff the Note, Loan Agreement, and

---

[1] Plaintiff also sued the New York City Department of Housing Preservation and Development, the New York City Environmental Control Board, and John Doe #1 through John Doe #17. The New York City Department of Housing Preservation and Development was dismissed from the proceedings on March 5, 2024. (*See* Mar. 5, 2024 ECF Minute Entry.) The remaining Defendants have not filed any opposition to or acknowledgement of Plaintiff's motion to appoint receiver.

[2] A magistrate judge's grant of a motion to appoint a receiver is considered non-dispositive. *See, e.g.*, *U.S. Bank Nat'l Ass'n as Trustee for the Reg. Holders of J.P. Morgan Chase Com. Mortg. Sec. Corp. Multifamily Mortg. Pass-Through Certificates, Series 2019-SB58 v. Mazel on Del LLC*, No. 22-CV-602V(F), 2023 WL 2501046, at *2 n.4 (W.D.N.Y. Mar. 14, 2023) (citing *Cadena v. A-E. Cont., LLC*, No. 3:08-CV-574 (WWE), 2013 WL 6178515, at *2 (D. Conn. Nov. 22, 2013) and *Fleet Dev. Ventures, LLC v. Brisker*, No. 3:06-CV-570 (RNC), 2006 WL 2772686, at *13–14 (D. Conn. Sept. 12, 2006)).

Mortgage Agreement (collectively, the "Loan Documents"). (Pl.'s Mem., ECF No. 47, at 3; Compl., ECF No. 1, ¶ 29.) The Loan Documents provided that the Borrower was entrusted to collect and receive rent from the Property's tenants and use the rent payments for the management and maintenance of the Property. (Pl.'s Mem., ECF No. 47, at 3.)

Section 14.01(a)(1) of the Loan Agreement states that any failure by the Borrower to pay or deposit any amount required by the Loan Documents, including a failure to make any Monthly Payment to the lender, constitutes an "Event of Default." (Compl., ECF No. 1, ¶ 33.) Plaintiff alleges that, since January 1, 2023, the Borrower has failed to pay the Monthly Payment due as required under the Loan Documents. (*Id.* ¶ 1; *see also* Pl.'s Mem., ECF No. 47, at 4.) According to Plaintiff, each failure to fulfill the Monthly Payment constitutes an Event of Default under the Loan Documents, "entitling Plaintiff to exercise all its rights and remedies under the Loan Documents." (Compl., ECF No. 1, ¶¶ 39–43; Pl.'s Mem., ECF No. 47, at 4.)

On August 15, 2023, the parties executed a pre-negotiation letter ("PNL") in which the Borrower acknowledged that "the Loan is in default." (James Noakes Decl. in Supp. of Pl.'s Mot. for the Appointment of Receiver, ECF No. 49, ¶¶ 22–25 (hereinafter "Noakes Decl."); Pre-Negotiation Letter, ECF No. 49-8, at ECF p. 6.) Plaintiff now seeks to exercise the receivership provision of the Mortgage Agreement, which provides that the Borrower "expressly consents to the appointment of such receiver, including the appointment of a receiver *ex parte* if permitted by applicable law," if an Event of Default has occurred. (Noakes Decl., ECF No. 49, ¶¶ 19–20; *see also* Mortgage Agreement, ECF No. 49-4, at 11–12.)

3

## II. Procedural History

Plaintiff filed its complaint on May 31, 2023. (Compl., ECF No. 1.) After Defendants failed to appear, Plaintiff moved for a default judgment on October 5, 2023. (Mot. for Default J., ECF No. 18.) On November 21, 2023, Plaintiff moved, pursuant to Rule 66 of the Federal Rules of Civil Procedure, to appoint a receiver for the Property. (Nov. 21, 2023 Mot. to Appoint Receiver, ECF No. 25.) After Defendants' counsel appeared in the case, Defendants' counsel filed a letter requesting a stay of proceedings against Defendant 1488 Bushwick because it had filed for bankruptcy. (Defs.' Letter, ECF No. 38.) The Court granted the stay while the bankruptcy case was pending, and administratively terminated Plaintiff's motions for a default judgment and to appoint a receiver. (Feb. 16, 2024 and Feb. 29, 2024 ECF Minute Entries.) Defendant 1488 Bushwick's bankruptcy case was dismissed with prejudice on August 8, 2024. (Status Report, ECF No. 43.)

Plaintiff again moved to appoint a receiver on September 9, 2024, and Plaintiff's motion was referred to the undersigned Magistrate Judge on September 13, 2024. (Mot. to Appoint Receiver, ECF No. 46; Sept. 13, 2024 ECF Order.) On October 15, 2024, Defendants filed an affirmation in opposition to Plaintiff's motion. (Defs.' Aff., ECF No. 52.) Plaintiff filed a reply in support of its motion on October 22, 2024. (Reply in Supp. of Mot. for the Appointment of a Receiver, ECF No. 54.)

## DISCUSSION

### I. Standard for Appointment of Receiver

"[R]eceivership is 'traditionally used to protect the value of an asset that is the subject of litigation.'" *U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 255 (S.D.N.Y. 2012) (citing *United States v. Ianniello*, 824 F.2d 203, 205 (2d Cir. 1987)). Appointing a receiver constitutes an "'extraordinary remedy and . . . should be

employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property.'" *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997) (quoting *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988) (quotation marks omitted)). Rule 66 of the Federal Rule of Civil Procedure "govern[s] an action in which the appointment of a receiver is sought." Fed. R. Civ. P. 66; *see also Greystone Bank v. Tavarez*, No. 09-CV-5192, 2010 WL 11651639, at *1 (E.D.N.Y. Apr. 26, 2010) (collecting cases discussing how federal law applies to receivership inquiries).

"[T]he existence of a provision authorizing the application for a receiver in the event of a default, 'strongly supports the appointment of a receiver' when there is a default." *U.S. Bank Nat. Ass'n*, 866 F. Supp. 2d at 250 (quoting *Nyland (CF8) Ltd.*, 839 F.2d at 97); *see also D.B. Zwirn Special Opportunities Fund v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 490–91 (S.D.N.Y. 2008). When there is such a provision, "and the mortgagee has consented to such appointment and repeatedly defaulted on conditions of the mortgage, the mortgagee 'bears the burden of demonstrating why a receiver should not be appointed.'" *Fannie Mae v. 204 Ellery St., LLC*, No. 23-CV-5343 (ENV) (RML), 2024 WL 2939179, at *3 (E.D.N.Y. Apr. 23, 2024) (quoting *D.B. Zwirn Special Opportunities Fund*, 550 F. Supp. 2d at 491), *report and recommendation adopted*, 2024 WL 3716031 (Aug. 8, 2024). However, contractual provisions providing for receivership, while informative, are not dispositive, *D.B. Zwirn Special Opportunities Fund*, 550 F. Supp. 2d at 491, and the appointment of a receiver falls under the "discretion of the district court," *Miss Jones LLC v. Stiles*, No. 17-CV-1450 (NSR), 2019 WL 3034906, at *2 (S.D.N.Y. July 10, 2019).

Courts look to the following equitable considerations when determining whether to appoint a receiver:

> "[1] Fraudulent conduct on the part of defendant; [2] the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; [3] the inadequacy of the available legal remedies; [4] the

5

probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, [5] plaintiff's probable success in the action and [6] the possibility of irreparable injury to his interests in the property."

*U.S. Bank Nat. Ass'n*, 866 F. Supp. 2d at 249–50 (quoting *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (internal quotation marks omitted)). Some courts also consider the "financial status of the debtor," *Miss Jones LLC*, 2019 WL 3034906, at *2, as well as "whether the interests of the plaintiff and others sought to be protected will in fact be served by receivership" when assessing the appropriateness of appointing a receiver, *Greystone Bank,* 2010 WL 11651639, at *2.

## II. Analysis

### A. Motion to Appoint Receiver

Plaintiff argues that appointment of a receiver is appropriate for several reasons. According to Plaintiff, the Borrower's mismanagement of the Property has resulted in the accumulation of 73 open Housing Preservation & Development ("HPD") violations as of September 4, 2024, "including for failure to provide hot water, repair defective window guards and doors, and abate a roach infestation," and 17 judgments from the New York City Environmental Control Board ("ECB") for poorly maintained property conditions. (Pl.'s Mem., ECF No. 47, at 6; Noakes Decl., ECF No. 49, ¶¶ 26–27; *see* HPD Violation Listing, ECF No. 49-9; ECB Violation Listing, ECF No. 49-10.) Plaintiff also alleges that the Borrower has failed to make payments on outstanding property taxes, insurance premiums, and water bills, forcing Plaintiff to pay for the outstanding bills. (Pl.'s Mem., ECF No. 47, at 6; Noakes Decl., ECF No. 49, ¶ 28.) Finally, Plaintiff alleges that the Borrower has failed to turn over rent payments, "as obligated under the terms of the Mortgage Agreement, despite receiving written notice of Plaintiff's demand for

6

Rents in the Demand Letter." (Pl.'s Mem., ECF No. 47, at 6; *see also* Noakes Decl., ECF No. 49, ¶ 29.)

Defendants argue that the motion to appoint receiver should be denied because Plaintiff negotiated in bad faith by "refusing to engage in reasonable alternatives to foreclosure, such as a workout plan, short sale, assumption of debt, or deed in lieu, despite several attempts by the Defendants to offer a deed in lieu of foreclosure." (Defs.' Aff., ECF No. 52, ¶ 2; *see also* Steinlauf Aff. in Opp'n to Mot. to Appoint Receiver, ECF No. 52-1, ¶ 2.) Plaintiff states that the parties did engage in negotiations, but regardless, the Borrower waived and released any bad faith or other defenses when it signed the PNL. (Reply in Supp. of Mot. for the Appointment of a Receiver, ECF No. 54, at 3–5; Decl. of Dean L. Chapman, Jr. in Supp. of Mot. for the Appointment of a Receiver, ECF No. 55, ¶¶ 2–4.)

As noted above, the Loan Documents specifically provide for the appointment of a receiver if an Event of Default occurs, and Defendants have acknowledged that the loan is in default. (Noakes Decl., ECF No. 49, ¶¶ 13–25; Pre-Negotiation Letter, ECF No. 49-8, at ECF p. 6.) Accordingly, the burden of persuading the Court that appointment of a receiver is improper rests with Defendants. *See 204 Ellery St.*, 2024 WL 2939179, at *3 (collecting cases).

Each equitable factor will be addressed in turn.

1. *Fraudulent Conduct by Defendants*

Plaintiff does not allege that the Borrower engaged in fraudulent conduct. However, "evidence of fraud is not required for the appointment of receiver." *204 Ellery St.*, 2024 WL 2939179, at *3; *see also U.S. Bank Nat'l Ass'n as Trustee for Reg. Holders of Wells Fargo Com. Mortgage Securities, Inc. v. 1078 Whillmore LLC*, No. 23-CV-8245 (KAM) (TAM), 2024 WL 3302375, at *13–15 (E.D.N.Y. July 3, 2024) (appointing receiver despite

7

no allegations of fraud). The lack of evidence of fraud does not provide a basis for denying relief; rather, this factor does not weigh for or against Plaintiff's motion.[3]

2. *Imminent Danger to the Property and Inadequacy of Available Legal Remedies*

Factors two and three require the Court to examine any imminent danger to the property and whether the available legal remedies are adequate. Significantly, Defendants do not address Plaintiff's allegations that there were 73 open HPD violations and 17 ECB judgments against the Property when Plaintiff's motion was filed. (Noakes Decl., ECF No. 49, ¶¶ 26–27.) Nor do they dispute Plaintiff's accusation that the Borrower has "collect[ed] rents for its own benefit," but stopped paying the Property's taxes, water bills, and insurance premiums, forcing Plaintiff to pay the outstanding payments on Defendants' behalf. (Pl.'s Mem., ECF No. 47, at 11.) Plaintiff argues that, without a receiver, additional violations are likely and would further diminish the value of the property, impairing Plaintiff's ability to recover. (*Id.*)

Plaintiff's concerns that Defendants will continue to endanger the Property are compelling. *See, e.g.*, *1078 Whillmore LLC*, 2024 WL 3302375, at *13–14 (finding danger to the property and the plaintiff's limited ability to recover supported receivership); *Greystone Bank*, 2010 WL 11651639, at *2 (granting appointment of receiver where the defendants contractually consented to the appointment of a receiver in the mortgage agreement, had been in default, had failed to pay real estate taxes and insurance costs for the building, and had not applied building's rental income to the amount due to the

---

[3] While Plaintiff does not accuse Defendants of acting fraudulently, Defendants have asserted that Plaintiff negotiated with Defendants in bad faith. (*See* Defs.' Aff., ECF No. 52, ¶ 2; Steinlauf Aff. in Opp'n to Mot. to Appoint Receiver, ECF No. 52-1, ¶ 2.) Such allegations, "even if true," are not "legally relevant" to a receivership inquiry. *See 204 Ellery St.*, 2024 WL 3716031, at *3 (finding defendants' argument that plaintiff "refused to negotiate a settlement in good faith" irrelevant to the court's analysis of whether to appoint a receiver).

8

lender). In addition, given the Borrower's financial status here, including the Borrower's recent effort to declare bankruptcy, it seems unlikely the Borrower would be able to reimburse Plaintiff for any resulting diminishment in property value, limiting Plaintiff's available legal remedies. These factors weigh heavily in favor of granting Plaintiff's motion.

3. *Balance of Harms*

When the Borrower is a single-asset entity, whose sole asset is the property at issue, and the property is "the only vehicle for any meaningful recovery on the mortgage loans . . . it is critical that the value of the Propert[y] be maintained." *204 Ellery St.*, 2024 WL 2939179, at *4; *see also Sovereign Bank v. 347 East 173 LLC*, No. 11-CV-1061 (LBS), 2011 WL 2693525, at *3 (S.D.N.Y. June 29, 2011) (appointing a receiver where the "Borrowers' continued management will irreparably harm Plaintiff's interest in the Mortgaged Properties").

Plaintiff alleges that the balance of the equities supports the appointment of a receiver, as Plaintiff is likely to be harmed by any further damage to the Property, and Defendants may benefit from "any residual value of the Property following satisfaction of Plaintiffs' mortgage lien." (Pl.'s Mem., ECF No. 47, at 12.) While Defendants have alleged that harm has resulted from the foreclosure proceedings, they do not identify any cognizable harm that would be caused by the appointment of a receiver, nor do they contend that they would be "deprived of any value or benefit" through receivership. *204 Ellery St.*, 2024 WL 2939179, at *4. The balance of harms therefore favors the imposition of a receiver.

4. *Plaintiff's Probable Success*

On the basis of the present record, Plaintiff has shown it is likely to succeed in this foreclosure action. Multiple Events of Default have occurred, and the Borrower has

9

acknowledged and waived defenses on those Events of Default in the PNL. (*See* Noakes Decl., ECF No. 49, ¶¶ 13, 18, 23–25; Pre-Negotiation Letter, ECF No. 49-8, at ECF p. 6.) Defendants also do not appear to contest the fact of default in their papers. (*See generally* Defs.' Aff., ECF No. 52.) This factor thus weighs in favor of receivership.

     5.  *Possibility of Irreparable Injury to the Plaintiff's Property Interests*

It seems highly likely that Plaintiff's property interests may be further injured without the appointment of a receiver. As discussed above, Plaintiffs have alleged that the Property is not being properly maintained and have submitted evidence of the HPD and ECB violations. (Pl.'s Mem., ECF No. 47, at 11; HPD Violation Listing, ECF No. 49-9; ECB Violation Listing, ECF No. 49-10.) There is no reason for the Property to continue to degrade and lose value while foreclosure proceedings are pending.

In sum, given the explicit receivership provisions in the Loan Documents and the balance of equitable factors weighing in favor of receivership, the Court finds that appointment of a receiver is warranted. Plaintiff's motion to appoint a receiver is granted.

   **B. Appointment of Orazio Crisalli**

In its Motion, Plaintiff proposes Orazio Crisalli of Syracuse Realty Group ("SRG") as receiver. (Pl.'s Mem., ECF No. 47, at 13.) Plaintiff posits that Mr. Crisalli is well qualified to serve as receiver and that he and SRG are unaffiliated with Plaintiff and have no interest in this case or the Property. (*Id.*) Further, Plaintiff argues the appointment of Mr. Crisalli has "significant cost advantages," and he "has agreed to waive his receivership commission." (*Id.* at 14.) Defendants provide no objection to Mr. Crisalli.

The Court finds that Mr. Crisalli is well qualified to serve as receiver. He is therefore appointed. *See 204 Ellery St.*, 2024 WL 2939179, at *4.

10

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint a receiver is granted. Orazio Crisalli is appointed receiver for the multi-unit apartment property located at 1488 Bushwick Avenue, consistent with the attached order.

**SO ORDERED.**

Dated: Brooklyn, New York
       November 8, 2024

                                      *Taryn A. Merkl*
                                    TARYN A. MERKL
                                    UNITED STATES MAGISTRATE JUDGE