UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                              Plaintiff,

    -against-

1488 BUSHWICK, LLC, SOLOMON
STEINLAUF, the NEW YORK CITY
DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,
the NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD
and JOHN DOE #1 THROUGH JOHN
DOE #17,

                              Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-4030 (RPK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiff Federal National Mortgage Association ("Fannie Mae") initiated this action on May 31, 2023, seeking foreclosure of a mortgage loan secured by a multi-unit apartment property located at 1488 Bushwick Avenue, Brooklyn, New York 11207 (the "Property"), against Defendants 1488 Bushwick, LLC, Solomon Steinlauf, the New York City Department of Housing Preservation and Development, the New York City Environmental Control Board, and John Does #1 through #17. (*See* Compl., ECF No. 1.)

Currently before the Court is Plaintiff's motion for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d). (*See* Notice of Mot. to File Suppl. Compl. ("Mot. to File"), ECF No. 59; Mem. of L. in Supp. of Mot. to File Suppl. Compl. ("Pl.'s Mem."), ECF No. 60.) Defendants 1488 Bushwick, LLC and Steinlauf ("Defendants") oppose the motion. (Affirmation in Opp'n to Mot. to File Suppl. Compl. ("Defs.' Affirmation"), ECF No. 61.) For the reasons set forth below, the Court grants

Plaintiff's motion.[1] The complaint filed at ECF No. 60-1 shall now serve as the operative complaint.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion.

As noted, Plaintiff commenced this action on May 31, 2023, seeking foreclosure on a mortgage loan held by Plaintiff and secured by the Property after Defendants ceased making mortgage payments and defaulted under the terms of the Note, Loan Agreement, and Mortgage Agreement (the "Loan Documents"). (*See* Compl., ECF No. 1, ¶¶ 1, 39–44; Pl.'s Mem., ECF No. 60, at 1.) The Loan Documents were executed on or about January 29, 2021. (Compl., ECF No. 1, ¶¶ 17–20.) Plaintiff alleges that Defendants have not made any mortgage payments since January 1, 2023. (*Id.* ¶ 44.)

Plaintiff moved for a default judgment on October 5, 2023, after Defendants failed to appear. (Mot. for Default J., ECF No. 18.) On November 21, 2023, Plaintiff moved, pursuant to Rule 66 of the Federal Rules of Civil Procedure, to appoint a receiver for the Property. (Nov. 21, 2023 Mot. to Appoint Receiver, ECF No. 25.) After Defendants appeared in the case, Defendants' counsel requested a stay of proceedings against Defendant 1488 Bushwick, LLC because it had filed for bankruptcy. (Defs.' Letter, ECF No. 38.) The Court granted the stay while the bankruptcy case was pending and administratively terminated Plaintiff's motions for a default judgment and to

---

[1] Like a motion to amend, the adjudication of a motion for leave to supplement is generally considered a nondispositive pre-trial motion within a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See Kraiem v. JonesTrading Institutional Servs. LLC*, 571 F. Supp. 3d 53, 59 n.5 (S.D.N.Y. 2021); *see also Lubavitch of Old Westbury, Inc. v. Inc. Vill. of Old Westbury, New York*, No. 08-CV-5081 (DRH) (ARL), 2021 WL 4472852, at *8–9 (E.D.N.Y. Sept. 30, 2021).

2

appoint a receiver. (Feb. 16, 2024 and Feb. 29, 2024 ECF Min. Entries.) The bankruptcy case was dismissed with prejudice on August 8, 2024. (Status Report, ECF No. 43.)

On August 22, 2024, Plaintiff filed a letter requesting a pre-motion conference in anticipation of moving to file a supplemental complaint in order to plead full recourse "liability against [1488 Bushwick, LLC and Steinlauf] based on [1488 Bushwick]'s bankruptcy filing." (Pre-Mot. Conf. Letter, ECF No. 44, at 1.) The Court directed Defendants to respond and indicate whether they opposed amendment of the complaint. (Aug. 30, 2024 ECF Order.) On September 6, 2024, Defendants filed a letter response requesting that the Court deny Plaintiff's motion to amend the complaint. (Reply Letter, ECF No. 45.) On September 9, 2024, the Honorable Rachel P. Kovner denied Plaintiff's request for a pre-motion conference as unnecessary, directed the parties to brief the motion, and referred the motion to the undersigned Magistrate Judge. (Sept. 9, 2024 ECF Order.)

That same day, Plaintiff again moved to appoint a receiver. (Mot. to Appoint Receiver, ECF No. 46; Sept. 13, 2024 ECF Order Referring Mot.) While the motion to appoint a receiver was pending, Plaintiff filed a letter on the docket, addressed to the counsel of Defendants Steinlauf and 1488 Bushwick, LLC, representing that Plaintiff had served upon them a motion to file a supplemental complaint and supporting papers. (Letter, ECF No. 50.) On October 21, 2024, Defendants requested a twenty-day extension of their deadline to respond to Plaintiff's notice of motion to file a supplemental complaint, which was granted. (Letter, ECF No. 53; Oct. 22, 2024 ECF Order.)

On November 8, 2024, the Court granted Plaintiff's motion to appoint a receiver, and appointed Orazio Crisalli as receiver of the Property. (Mem. & Order, ECF No. 56; Order Appointing Receiver, ECF No. 56-1.)

3

The motion to file a supplemental complaint was fully briefed and filed on November 18, 2024. (*See* Mot. to File, ECF No. 59; Pl.'s Mem., ECF No. 60; Defs.' Affirmation, ECF No. 61; Pl.'s Reply in Supp. of Mot. to File Suppl. Compl. ("Pl.'s Reply"), ECF No. 62.)

For the reasons contained herein, Plaintiff's motion to file a supplemental complaint is granted.

## DISCUSSION

### I. Legal Standards

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Kleeberg v. Eber*, 331 F.R.D. 302, 315 (S.D.N.Y. 2019) ("Rule 15(d) allows a party to supplement its complaint in order to present facts and claims that arose after the operative complaint was filed."); *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 284 (E.D.N.Y. 2013) (same). "Where the plaintiff seeks to add related claims against the same defendants, the analysis used to determine whether supplementation is appropriate under Rule 15(d) is identical to the analysis used to determine whether amendment is appropriate pursuant to Rule 15(a)." *Kleeberg*, 331 F.R.D. at 315 (citing *Cummings-Fowler v. Suffolk County Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)). A party opposing amendment or supplementing the complaint "has the burden of establishing that leave to amend would be prejudicial or futile." *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).

"As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion is within the sound discretion of the district court." *LaBarbera*, 971 F. Supp. 2d at 284. In addition, the Second Circuit has held that, like the standard under Rule 15(a), "[a]bsent undue

4

delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, [a Rule 15(d)] motion should be freely granted.*" Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018) (alterations in original) (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)); *see also Kleeberg*, 331 F.R.D. at 315 ("[C]ourts will grant leave to supplement a pleading so long as the supplemental facts are connected to the original pleading and there is no good reason to deny the request.").

## II. Analysis

With the supplemental complaint, Plaintiff seeks to add allegations related to Defendant 1488 Bushwick, LLC's bankruptcy case, including the details as to when it was filed and what the loan documents provide for in the event that Defendant 1488 Bushwick, LLC (the "Borrower-Defendant") declares bankruptcy. (*See* Proposed Suppl. Compl., ECF No. 60-2 (redline version).) Specifically, Plaintiff seeks to add allegations regarding the full recourse provisions of the underlying mortgage documents. (*Id.* ¶¶ 28–29.) Plaintiff contends that supplementing the complaint is warranted because although the mortgage loan is generally non-recourse to Defendants, there are exceptions and events set forth in Sections 3.02(a) and Section 3.02(b) of the Loan Agreement that trigger full recourse liability. (Pl.'s Mem., ECF No. 60, at 4.) No such exception or event had occurred when Plaintiff filed the initial complaint. (*Id.*)

Plaintiff claims that Borrower-Defendant's filing for bankruptcy on February 13, 2024, constituted a "Bankruptcy Event" under Section 3.02(b), which changed the nature of Defendants' personal liability by "triggering the full recourse liability provision of the Loan Agreement and corresponding liability of Steinlauf under the Guaranty." (Pl.'s Mem., ECF No. 60, at 4.) The proposed supplemental complaint, accordingly, contains allegations detailing the full recourse provisions triggered by the

5

"Bankruptcy Event," which permit Plaintiff to "seek a judgment personally against Borrower-Defendant and [Defendant Steinlauf] for the full balance of the mortgage loan." (Proposed Suppl. Compl., ECF No. 60-1, ¶ 69; *see generally id.*) Plaintiff argues that it should be allowed to supplement its pleading because these allegations are connected to the original pleading and will supplement Plaintiff's available relief, without adding additional claims or parties. (Pl.'s Mem., ECF No. 60, at 6–7.) Plaintiff further argues that it has acted in good faith and the proposed supplemental pleading is not unfairly prejudicial to Defendants or futile. (*Id.* at 6.)

Defendants argue that the full recourse provision violates public policy, is an unenforceable penalty, and violates the one action rule under Section 1301 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Defs.' Affirmation, ECF No. 61, ¶¶ 2–9.) Defendants also largely rehash the same arguments considered and rejected in their opposition to Plaintiff's motion to appoint a receiver. (*See generally* Defs.' Affirmation in Opp'n to Mot. to Appoint Receiver, ECF No. 52; Defs.' Aff. in Opp'n to Mot. to Appoint Receiver, ECF No. 52-1.)

The clear connection between the supplemental allegations and the original pleading strongly favors granting Plaintiff's motion. *See Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) ("Rule 15(d) reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties. To that end, leave to file a supplemental pleading should be freely granted, provided that the supplemental facts connect the supplemental pleading to the original." (quotation marks, citations, and alterations omitted)). Furthermore, as discussed above, parties should generally be allowed to supplement their pleadings in the absence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Nat'l Credit Union Admin. Bd.*, 898 F.3d at 256; *see also Kleeberg*, 331 F.R.D. at

6

314. Here, the Court finds no factors that weigh against granting Plaintiff's motion for leave to file. Specifically, the Court notes that Defendants will suffer no cognizable undue prejudice if Plaintiff is permitted to file its supplemental complaint. As Plaintiff points out, Plaintiff seeks to supplement its pleadings because of the actions Defendants themselves have taken since the initiation of this litigation, i.e., filing for bankruptcy. (*See* Pl.'s Mem., ECF No. 60, at 6.) Accordingly, the main source of delay in this case thus far was caused by Defendants and the record does not demonstrate that Plaintiff's seeking to file the supplemental complaint is in bad faith, evidences dilatory tactics, or will cause undue delay. *See Nat'l Credit Union Admin. Bd.*, 898 F.3d at 256. The Court also notes that neither party seeks discovery in this case, another reason that Plaintiff's filing will not unduly delay the litigation. (*See* Apr. 4, 2024 ECF Order ("Both parties indicated that they are not seeking discovery at this time, and that the documentary record in the case is clear.").)

Defendants bear the burden of establishing that leave to amend would be unduly prejudicial or futile, *Cummings-Fowler*, 282 F.R.D. at 298, and proffer several arguments in opposition to Plaintiff's motion. None are availing. Defendants first argue that the full recourse provision violates public policy and is an unenforceable penalty, citing *ING Real Estate Fin. (USA) LLC v. Park Ave. Hotel Acquisition, LLC*, 907 N.Y.2d 437, 2010 WL 653972 (N.Y. Sup. Ct. Feb. 24, 2010). (Defs.' Affirmation, ECF No. 61, ¶¶ 2–4.) However, the Court in *ING* declined to enforce the contested full recourse provision because the provisions of the loan agreements were internally inconsistent, not because the provision itself was an unenforceable penalty. *ING*, 2010 WL 653972, at *5–6. Defendants do not advance any arguments suggesting that there are internal

contradictions within the full recourse provision and the Loan Agreements.[2] Moreover, Plaintiff points out that, by signing a pre-negotiation letter ("PNL") in August 2023 in connection with discussions to resolve this case, Defendants acknowledged and waived their rights to these defenses. (Pre-Negotiation Letter, ECF No. 49-8, at ECF p. 4 ("Furthermore, [Defendants] further waive and release any and all defenses that they may have to the rights and remedies of Fannie Mae, and as appropriate, the Servicer, under the provisions of the Loan Documents and applicable law."); *see also* Proposed Suppl. Compl., ECF No. 60-1, ¶ 66; Pl.'s Reply, ECF No. 62, at 6.) The PNL, by its clear terms, limits Defendants' ability to argue against the rights and remedies that Plaintiff seeks. (*See* Pre-Negotiation Letter, ECF No. 49-8, at ECF p. 4.) Furthermore, where the standard for denying a motion to supplement the complaint requires a showing of undue prejudice or futility, the question of whether Plaintiff will ultimately prevail is not relevant. Defendants may continue to press their arguments and defenses as the case proceeds, but these arguments do not provide a basis to deny the filing of an otherwise appropriate supplemental pleading.

Defendants next argue that Plaintiff's motion violates the one action rule. (Defs.' Affirmation, ECF No. 61, ¶¶ 7–9.) *See* RPAPL § 1301. This rule "prevents a mortgagee of real property from seeking to enforce rights upon default by pursuing a legal remedy and an equitable remedy at the same time." *First Nationwide Bank v. Gelt Funding, Inc.*, No. 92-CV-790 (MBM), 1992 WL 358759, at *2 (S.D.N.Y. Nov. 30, 1992); *United States v.*

---

[2] The factual basis for instituting the full recourse provision in *ING* also significantly differs from the facts at issue here. In *ING*, the provision was triggered by the guarantors' nineteen-day delay in paying property taxes. 2010 WL 653972, at *3. Here, Defendants have repeatedly defaulted on the Loans, beginning on January 1, 2023, and continuing at least through the filing of Plaintiff's complaint. (*See* Compl., ECF No. 1, ¶ 44; *see also* Proposed Suppl. Compl., ECF No. 60-1, ¶ 47 (alleging that the Borrower-Defendant has failed to pay any monthly payments from January 1, 2023, through the filing of the proposed supplemental complaint on November 18, 2024).)

8

*Whitney*, 602 F. Supp. 722, 730 (W.D.N.Y. 1985) (similar). Again, whether Plaintiff will ultimately prevail on its requested relief is not at issue when determining whether to grant a motion to supplement the complaint. Moreover, the requested relief does not raise one action concerns: Plaintiff's proposed supplemental complaint is not akin to the commencement of another action. *See* RPAPL § 1301(3). Indeed, the proposed pleading does not even add a new claim. Rather, it modifies the pleading's factual allegations and the prayer for relief to request that Defendants "may be adjudged to pay the entire deficiency of any amounts remaining due and owing to Plaintiff following the sale of the Property and distribution of the proceeds thereof." (Proposed Suppl. Compl., ECF No. 60-1, at 20; Pl.'s Reply, ECF No. 62, at 6.)

Defendants additionally argue that Plaintiff acted in bad faith by "refusing to engage in reasonable alternatives to foreclosure, such as a workout plan, short sale, assumption of debt, or deed in lieu, despite several attempts by the Defendants to offer a deed in lieu of foreclosure." (Defs.' Affirmation, ECF No. 61, ¶ 10.) This is not a defense against the filing of a supplemental complaint. Defendants' argument that Plaintiff is acting in bad faith by choosing to enforce the provisions of the Loan Agreements and assert its rights according to those provisions is irrelevant and unpersuasive because, as Plaintiff points out, "Plaintiff is under no obligation to negotiate a resolution to this action." (Pl.'s Reply, ECF No. 62, at 6.)

Here, there is "no good reason to deny [Plaintiff's] request" to file the supplemental complaint. *Kleeberg*, 331 F.R.D. at 315. Accordingly, Plaintiff should be afforded the opportunity to test its claims on the merits. The Court thus grants Plaintiff's request for leave to file a supplemental complaint. *See Witkowich*, 541 F. Supp. 2d at 590 (granting leave to file supplemental pleadings where new allegations involve

9

the same subject matter, many of the same people, and took place shortly after the events that were the subject of the litigation).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for leave to file a first supplemental complaint (ECF No. 59) is granted. Plaintiff's supplemental complaint, filed at ECF No. 60-1, shall now serve as the operative complaint.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 7, 2025

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE